

FILED
OCT 18 2010
DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

DELTA
~~EASTERN~~ DIVISION

ARNULFO HERNANDEZ AND JOVITA HERNANDEZ                                  PLAINTIFF

V.                                              CAUSE NO: 2:10CV174-P-A

DESOTO COUNTY SHERIFF'S DEPARTMENT; BILL RASCO, INDIVIDUALLY            DEFENDANT
AND AS SHERIFF OF DESOTO COUNTY; WAYNE PACELLE, INDIVIDUALLY
AND AS PRESIDENT OF THE HUMANE SOCIETY OF THE UNITED STATES;
HUMANE SOCIETY OF THE UNITED STATES; JOHN DOE I-V;

COMES NOW, the Plaintiffs, Arnulfo Hernandez and Jovita Hernandez, by and through counsel, and file this their Complaint against Defendants and in support thereof would show unto this Honorable Court the following, to-wit:

I.   **PARTIES**

1. Plaintiff, Arnulfo Hernandez, is an adult resident citizen of Desoto County, Mississippi.

2. Plaintiff, Jovita Hernandez, is an adult resident citizen of Desoto County, Mississippi.

3. Defendant, Desoto County Sheriff's Department, is a political subdivision of the State of Mississippi. It may be served with process by service upon Sheriff Bill Rasco at the Desoto County Sheriff's Department, 311 W South Street, Hernando, Mississippi 38632.

4. Defendant Bill Rasco is the Sheriff of Desoto County, Mississippi and is sued in his individual and official capacities. At all relevant times, Sheriff Rasco acted under color of State law. Sheriff Bill Rasco

may be served at the Desoto County Sheriff's Department, 311 W South Street, Hernando, Mississippi 38632.

5. Defendant Wayne Pacelle is the President of the Humane Society of the United States and is sued in his individual and official capacities. Defendant Wayne Pacelle may be served with process at 2100 L St. NW, Washington D.C. 20037.

6. Defendant Humane Society of the United States is a non-profit organization with its principal place of business being located at 2100 L St. NW, Washington D.C. 20037. It may be served with process upon Wayne Pacelle at 2100 L. St. NW, Washington D.C. 20037.

7. The names of the Defendants John Doe I – V are presently unknown to Plaintiffs. John Does I – V were deputies of the Desoto County Sheriff's Department, Desoto County, Mississippi and participated in the actionable conduct alleged herein under color of State law. Pursuant to Fed. R. Civ. P. 15, Plaintiff sues this Defendant by this fictitious name and will seek leave of Court to amend this Complaint when the true name of the Defendants are ascertained.

## II. JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. 1331 and civil rights jurisdiction pursuant to 28 U.S.C. 1343 for a cause of action arising under 42 U.S.C. 1983.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391 since the Defendants reside within the Eastern Division of the United States District Court for the Northern District of Mississippi and the wrongful acts alleged in this action occurred in whole or in part within said District.

## III. FACTS

10. On or about January 14, 2009 at approximately 10:00 a.m., officers of the Desoto County Sheriff's Department entered the property of the Plaintiffs located at 13500 Whit Road, Byhalia, Desoto County, Mississippi.

11. The officers knocked on the door of the residence of the Plaintiffs and after asking preliminary questions, the officers removed the Plaintiff, Jovita Hernandez, from the home and placed her in a patrol car. The officers then conducted a search of the home, presumably for narcotics.

12. During the search, the Plaintiff, Jovita Hernandez, was held inside the police car. The officers found no narcotics or other evidence of contraband. The Plaintiff, Jovita Hernandez, asked the officers if the problem was her home or the roosters and the officers informed the Plaintiff that it was the home.

13. The officers conducted a second search with the canine units. After the officers again found nothing in the home, the officers began to search the exterior structure(s) on the property which included a house were roosters were housed. The Plaintiff, Jovita Hernandez, again asked the officers what the problem was and she was informed that since they did not find anything illegal in the home, the roosters were the problem.

14. The officers issued a citation indicating that the Plaintiffs were to appear in Desoto County Justice Court on or about February 13, 2009.

15. On or about January 22, 2009, Mr. Arnulfo Hernandez arrived at his home from work and found two Desoto County Deputies on his property who asked him why he had not removed his roosters from his property.

16. Mr. Hernandez had never been advised to remove the roosters from his property. The Deputies advised Mr. Hernandez that he had seven (7) days to remove the roosters from his property.

17. The next day, at approximately 10:00 a.m., Deputies from the Desoto County Sheriff's Office along with members of the Humane Society came back onto the Hernandez property and requested Mr. Hernandez sign "papers" concerning the roosters. Mr. Hernandez refused to sign the papers concerning the roosters and advised the officers that he was aggrieved by the actions of the officers that day, the day before and the treatment of his wife on January 14, 2009. Mr. Hernandez again refused to sign the papers and advised that he had to leave for work at a construction site.

18. Approximately 4 hours later, Mr. Hernandez returned to his home and found that the law enforcement officers as well as the Humane Society workers had killed all of his roosters.

19. This destruction of personal property, of great value to Mr. and Mrs. Hernandez, was done without written authorization, court order or any semblance of due process.

20. As a result, Mr. and Mrs. Hernandez were deprived of the value of their livestock due to the direct actions of the Desoto County Officers as well as the Humane Society workers.

### IV. COUNT ONE

21. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs numbered 1 through 20.

22. The Deputies of the Desoto County Sheriff's Department and John Does I through V were at all relevant times acting under color of State law in their dealings with the Plaintiffs.

23. Plaintiffs were deprived of the value of their livestock due to the direct actions of the Desoto County Officers as well as the Humane Society workers.

24. The actions of the Desoto County Sheriff's Office Deputies and John Does I through V and Humane Society workers were willful, wanton and outrageous such that punitive damages should be imposed against them.

25. Defendants are liable to Plaintiffs for all of their damages.

### V. COUNT TWO – FAILURE TO TRAIN AND SUPERVISE

26. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs numbered 1 through 20.

27. Sheriff Bill Rasco, Desoto County Sheriff's Department has failed to train and supervise deputies to prevent such wanton and outrageous actions.

28. Upon information and belief, this type of behavior is widespread within the Desoto County Sheriff's Office and a pattern of similar constitutional violations exist. Such violations have existed for so long that knowledge and acceptance by Sheriff Bill Rasco may be properly inferred.

29. The Defendants' policies of inadequate supervision and training were the moving force behind the violations of Plaintiffs' constitutional rights.

30. Plaintiffs' losses were reasonably foreseeable consequences of Sheriff Bill Rasco's deliberate and conscious choice not to provide adequate training and supervision.

31. Plaintiffs are entitled to compensatory and punitive damages.

## VI. DAMAGES

32. Plaintiffs are entitled to recover the following compensatory damages against all Defendants:

    A. Damages for past and future value of livestock;

    B. Attorney's Fees.

33. Due to the egregious nature of the conduct, Plaintiffs are entitled to recover punitive damages against Defendants, deputies of Desoto County Sheriff's Department, Wayne Pacelle, President of Humane Society, Humane Society Workers, Sheriff Bill Rasco, and John Does I through V in their individual capacities.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against all Defendants for compensatory damages in an amount to be determined by a jury. Plaintiffs request that they be awarded punitive damages against Defendants, Desoto County Sheriff's Deputies, Wayne Pacelle, President of Humane Society, Humane Society workers, Sheriff Bill Rasco and John Does I through V. Plaintiffs request that they be awarded reasonable attorney's fees and all costs of court, together with post-judgment interest. Plaintiffs further request such other and more general relief to which they are entitled.

Respectfully submitted, this the 14 day of October, 2010.

                                      ARNULFO HERNANDEZ AND WIFE,
                                      JOVITA HERNANDEZ, DEFENDANTS

                               By: /s/ Robert Sneed Laher
                                      ROBERT SNEED LAHER  MSB 10521
                                      ATTORNEY FOR DEFENDANTS

LAHER LAW FIRM
POST OFFICE BOX 586
TUPELO, MISSISSIPPI 38802
(662) 841-0391
(662) 841-8662 Fax
laherlawfirm@yahoo.com

STATE OF MISSISSIPPI

COUNTY OF __Lee__

THIS DAY, personally appeared before me, the undersigned authority, in and for said county and state, the within named ARNULFO HERNANDEZ AND JOVITA HERNANDEZ, who, after being by me first duly sworn, says on oath that the facts and figures set forth in the foregoing Complaint are true and correct, as stated therein, and that the relief sought is just and should be granted.

_____
ARNULFO HERNANDEZ

_____
JOVITA HERNANDEZ

Sworn to and subscribed before me, this the __16__ day of __September__, 2010.

_____
NOTARY PUBLIC

(SEAL)

My Commission Expires:
February 19, 2013