IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ARNULFO HERNANDEZ and
JOVITA HERNANDEZ                                          PLAINTIFFS

VS.                        CIVIL ACTION NO. 2:10-cv-174(DCB)(SAA)

DESOTO COUNTY SHERIFF'S DEPARTMENT and
SHERIFF BILL RASCO, Individually and as
Sheriff of DeSoto County, Mississippi                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the defendants' motion for summary judgment **(docket entry 24)**. Having carefully considered the motion and response, all memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

I. FACTUAL BACKGROUND

On January 14, 2009 deputies of the DeSoto County Sheriff's Department arrived at the property of Arnulfo and Jovita Hernandez after having received several complaints of excessive rooster crowing. The officers obtained a search warrant and seized evidence of cockfighting upon execution of the search warrant. Mr. Hernandez was issued a citation for illegal cockfighting and was given a court date of February 13, 2009.

On January 22, 2009 the deputies returned to the Hernandez residence to inquire why Mr. Hernandez had not yet removed the roosters from his property. Mr. Hernandez avers that after telling the deputies he had not yet been told to remove the roosters, the

1

deputies advised that he had seven days to remove them.  During this meeting, it is undisputed that Mr. Hernandez agreed to voluntarily turn the animals over to the Humane Society in exchange for "retiring to the file" the cockfighting charges.  It is also undisputed that there is video documentation of conversations between Arnulfo Hernandez and the defendants evidencing the voluntariness of Mr. Hernandez's agreement to relinquish the roosters.

On January 23, 2009, representatives of the Humane Society and DeSoto County deputies returned once again to the Hernandez residence.  After discovering the roosters had not yet been removed from the property, the Humane Society representatives killed all of the roosters.  Arnulfo and Jovita Hernandez filed their Complaint on October 18, 2010, wherein they assert two claims against the DeSoto County Sheriff's Department and Sheriff Bill Rasco.[1]  First, the plaintiffs allege that the deputies of the Desoto County Sheriff's Office unreasonably deprived the plaintiffs of their livestock property while acting under color of state law.  Second, the plaintiffs allege that Sheriff Bill Rasco failed to train and/or supervise his deputies, which led to the unconstitutional

---

[1] By its July 26, 2011, Order of Partial Dismissal, the Court dismissed the plaintiffs' claims against defendant Wayne Pacelle in his individual and official capacity as President of the Humane Society of the United States without prejudice for failure to effectuate service of process pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(4).

seizure of the plaintiffs' poultry.

On August 2, 2011 the defendants filed their motion for summary judgment wherein they argue that all of the plaintiffs' claims should be dismissed as a matter of law. First, the defendants argue that the plaintiffs' Section 1983 unreasonable seizure claim fails as a matter of law because the deputies investigated a crime, evaluated the evidence, appeared on the plaintiffs' property under the authority of a valid warrant, and the plaintiffs voluntarily relinquished control over the roosters. Second, the defendants argue that the plaintiffs' failure to train and/or supervise claim against Sheriff Rasco should be dismissed because, as evidenced by his video interview at the scene wherein he stated his knowledge of the previous complaints against the plaintiff and his belief that the plaintiffs were raising chickens for illegal cockfighting, the sheriff did not act unreasonably or unlawfully in seeking the assistance of the Humane Society or in allowing the killing of the chickens.

## II. DISCUSSION

### A. Summary Judgment Standard

The defendants move for summary judgment pursuant to Fed.R.Civ.P. 56, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Rule 56 also

requires that:

> ... [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1)(A)&(B). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. John v. State of La. (Bd. Of T. for State C. & U.), 757 F. 2d 698, 712 (5th Cir. 1985).

The district court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. Professional Managers, Inc. V. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222

4

(5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality,' only those disputes over the facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." Phillips Oil Company v. OKC Corp., 812 F.2d 265, 272 (5th Cir.1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, ... all other contested issues of fact are rendered immaterial." Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992)(citing Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986)).

In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984). The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on its motion. Union Planters Nat. Leasing v. Woods, 687 F .2d 117 (5th Cir. 1982). The moving party accomplishes this by informing the court of the basis of its motion and by identifying portions of the record which highlight the absence of genuine factual issues. Topalian, 954 F.2d at 1131.

Once a properly supported motion for summary judgment is presented, the non-moving party must rebut with "significant probative" evidence. <u>Ferguson v. National Broadcasting Co., Inc.</u>, 584 F.2d 111, 114 (5th Cir. 1978). In order words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." <u>In re Municipal Bond Reporting Antitrust Lit.</u>, 672 F.2d 436, 440 (5th Cir. 1982)(citing <u>Ferguson</u>, 584 F.2d at 114). To defend against a proper summary judgment motion, the non-moving party may not simply refer back to the allegations of his pleadings. <u>Leslie v. Ingalls Shipbuilding, Inc.</u>, 899 F. Supp. 1578, 1580 (S.D. Miss. 1995). The non-moving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. <u>Union Planters Nat. Leasing</u>, 687 F.2d at 119. While "[t]he moving party need not support its motion with affidavits or other evidence, ... to defeat a motion for summary judgment the nonmovant must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial." <u>Pavone v. Mississippi Amusement Corp.</u>, 52 F.3d 560, 565 (5th Cir. 1995)(citation omitted). Consequently, "[n]either 'unsubstantiated assertions' nor 'conclusory allegations' can satisfy the non-moving party's burden." <u>Lawrence v. University of Tex. Medical Branch at Galveston</u>, 163 F.3d 309, 312 (5th Cir. 1999)(citation omitted).

6

Moreover, a claim that further discovery or a trial might reveal facts of which the plaintiff is currently unaware is insufficient to defeat the motion. See Woods v. Federal Home Loan Bank Bd., 826 F.2d 1400, 1414-15 (5th Cir. 1987). If the nonmovant fails to satisfy its burden, summary judgment is required. Leslie, 899 F. Supp. at 1588.

B. Plaintiffs' Claims

1. Section 1983 unreasonable seizure claim

The Complaint alleges, pursuant to 42 U.S.C. §1983, that DeSoto County deprived the plaintiffs of their livestock property in a manner violative of the Fourth Amendment's protection against unreasonable seizures. In their motion for summary judgment, the defendants argue that since (1) there was a warrant to search the plaintiffs' premises, (2) evidence of illegal cockfighting was obtained (including the presence of the roosters), and (3) Mr. Hernandez voluntarily relinquished the roosters to the Humane Society, there is no legal basis supporting a Section 1983 unreasonable seizure claim.

In their response, the plaintiffs merely state that "the consent of the Plaintiffs as to whether or not it was voluntary and freely given is a question of fact for the jury to decide." Response, p. 2. The plaintiffs do not specifically respond to any of the defendants' factual or legal arguments. Nor do they offer any significant probative evidence to support their position. At

best, the plaintiffs simply rest on their pleadings and rely on unsubstantiated assertions and conclusory allegations. Therefore, the plaintiffs have not met their burden to demonstrate the existence of a genuine issue of material fact warranting a trial and justifying the denial of summary judgment on the unreasonable seizure claim. Accordingly, the Court concludes that the plaintiffs' unreasonable seizure claim should be dismissed with prejudice.

2. Section 1983 failure to train and/or supervise claim

The Complaint also alleges, pursuant to § 1983, that Sheriff Bill Rasco is liable for failing to train and/or supervise his deputies with regard to allowing the Humane Society to unreasonably seize and kill the plaintiffs' roosters. To succeed on their failure to train and/or supervise claim, the plaintiffs "must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005).

A municipality acts with "deliberate indifference" in training if the training's inadequacy is "obvious ... and likely to result in violations of constitutional rights." Benavides v. County of Wilson, 955 F.2d 968, 973 (5th Cir. 1992). "An adequate training

program must 'enable officers to respond properly to the usual and recurring situations with which they must deal.'" Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under § 1983." City of Canton, 489 U.S. at 389.

In their response to the defendants' motion, the plaintiffs do not mention their claim for failure to train and/or supervise. The Court finds that the defendants have properly supported their motion for summary judgment on this claim, and that the plaintiffs have failed to demonstrate the existence of a material fact warranting a trial on the unreasonable seizure claim and have otherwise failed to refute the defendants' legal arguments regarding same. Since a failure to train and/or supervise claim depends in this instance on a demonstrated constitutional violation, the claim fails as a matter of law. Accordingly, the Court concludes that the plaintiffs' failure to train and/or supervise claim should be dismissed with prejudice.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that the defendants' motion for summary judgment should be granted and all of the plaintiffs' claims should be dismissed with prejudice.

Accordingly,

9

IT IS HEREBY ORDERED that the defendants' motion for summary judgment **(docket entry 24)** is GRANTED;

A final judgment dismissing all of the plaintiffs' claims with prejudice shall be issued forthwith.

SO ORDERED, this the 27th day of March, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE